(929 P.2d 814)

No. 74,812

JERRY E. SQUIRES, *Appellant*, v. EMPORIA STATE UNIVERSITY and STATE SELF-INSURANCE FUND, *Appellees*.

Opinion filed January 3, 1997.

*David O. Alegria*, of McCullough, Wareheim & LaBunker, P.A., of Topeka, for the appellant.

*Jeff K. Cooper*, of Topeka, for the appellees.

Before PIERRON, P.J., ROGG, S.J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J.: This is an appeal by Jerry E. Squires from an order of the Workers Compensation Board (Board) affirming an order finding that Squires' accidental, self-inflicted gunshot wound did not arise out of his employment as a police officer at Emporia State University. The basic issue on appeal is whether Squires' injury arose out of and in the course of his employment.

The facts were not greatly in dispute, and the Board found them to be as follows:

"After reviewing the record and considering the arguments of the parties, the Appeals Board find claimant's injury did not arise out of his employment and, accordingly, the decision by the Administrative Law Judge should be affirmed.

"Claimant was injured on January 3, 1990, while doing traffic surveillance as a part of his duties as a police officer for Emporia State University. The injury resulted from accidental discharge of a 9 millimeter automatic pistol. The pistol was a personal weapon which claimant had retrieved from a pawn shop earlier that day. The weapon discharged as he checked the pistol to determine whether it needed to be cleaned. The evidence establishes that claimant was not authorized to carry a backup weapon. The evidence further establishes that he had requested

permission to qualify his 9 millimeter pistol for use in his employment, but the request was denied. Claimant acknowledges in his testimony that the handling of his personal 9 millimeter handgun was not related to the performance of his duties for respondent. The Appeals Board concludes the discharge of the weapon resulted from purely personal activity, was not work related and benefits should, accordingly, be denied."

At the outset, it should be pointed out that under K.S.A. 77-621, appellate review of a decision of the Board is explicitly limited to questions of law. Specifically, relief can be granted in this case only if it is determined that the Board erroneously interpreted or applied the law or that its determination of fact was not supported by substantial competent evidence. *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 277, 899 P.2d 1058 (1995).

As to the Board's findings of fact, as quoted above, we find they are supported by substantial competent evidence. The sole remaining issue on this appeal is whether, under the facts, as a matter of law, the Board committed error in holding that Squires' injury did not arise out of his employment and was, therefore, not compensable.

In *Kindel*, the Supreme Court recently reiterated the general principles to be followed in determining whether a worker's injury arose "out of" and in the course of employment.

"The two phrases arising 'out of' and 'in the course of' employment, as used in our Workers Compensation Act, K.S.A. 44-501 *et seq.*, have separate and distinct meanings; they are conjunctive, and each condition must exist before compensation is allowable. The phrase 'out of' employment points to the cause or origin of the accident and requires some causal connection between the accidental injury and the employment. An injury arises 'out of' employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Thus, an injury arises 'out of' employment if it arises out of the nature, conditions, obligations, and incidents of the employment. The phrase 'in the course of' employment relates to the time, place, and circumstances under which the accident occurred and means the injury happened while the worker was at work in the employer's service. [Citations omitted.]" 258 Kan. at 278.

Under the facts in the case, we hold that the Board did not err in holding that Squires' injury did not arise "out of" his employment. Squires' admitted that he took the 9 millimeter weapon with

him only for personal reasons and knew he was not permitted to use the 9 millimeter pistol as his duty weapon and that he could not use any backup weapon. At the time he was injured he had in his possession another weapon which complied with his employer's regulations. Possession of the 9 millimeter handgun had nothing to do with the ultimate work Squires was hired to perform.

Affirmed.